UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN DUBROVSKII (A-NUMBER: 221-346-862),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-2022-DC-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Ivan Dubrovskii, a Russian citizen, has remained in immigration detention since December 2, 2024, when he presented himself at a port of entry seeking asylum. Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his prolonged detention violates due process. As preliminary relief, the court ordered a bond hearing, at which petitioner was denied bond. The matter has been referred to me to decide the merits of petitioner's amended petition for writ of habeas corpus, which he has filed through appointed counsel. For the following reasons, I recommend that the amended petition be granted and that petitioner be immediately released.

**Background**

Petitioner is a citizen of Russia who presented himself at a port of entry seeking asylum in the United States on December 2, 2024. ECF No. 20 ¶ 17. Immigration authorities took him into

custody that day, and he has been in ICE custody since. *Id.* Petitioner has no criminal history. *Id.* at 3. Petitioner alleges that he is subject to poor conditions in detention that are adversely impacting his physical and mental health. *Id*. at 6.

Petitioner was initially issued an expedited removal order under 8 U.S.C. § 1225(b)(1). ECF No. 13 at 78-79. On January 18, 2025, the Department of Homeland Security ("DHS") conducted a credible fear interview, applied the "Securing the Border" limitation on asylum eligibility published as an interim final rule, and determined that petitioner had a reasonable possibility of being tortured in Russia. *Id*. at 55, 76-77. DHS therefore vacated the expedited removal order and placed petitioner into removal proceedings before an immigration judge ("IJ") under 8 U.S.C. § 1229a. *See id*. at 49-51; ECF No. 20 ¶ 35. While detained, petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. ECF No. 20 ¶ 21. An IJ denied those applications on April 20, 2026, and petitioner has appealed that denial to the Board of Immigration Appeals ("BIA"); the appeal remains pending. *Id.* ¶ 22. Because petitioner has a pending appeal to the BIA, there is no date set in immigration court.

**Procedural History**

On March 13, 2026, petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus and a motion for TRO. ECF Nos. 1 & 2. Respondent filed a combined motion to dismiss the petition and an opposition to injunctive relief. ECF No. 6.

On March 20, 2026, the court issued a preliminary injunction, ordering respondent to provide a bond hearing within fourteen days at which the government would bear the burden of justifying petitioner's continued detention by clear and convincing evidence. ECF No. 8.

Petitioner received the court's order on April 2, 2026. ECF No. 20 ¶ 23. The immigration court held a bond hearing the next day, on April 3, 2026, at which an IJ denied bond because he found that petitioner "poses an extreme flight risk." ECF No. 13 at 3-4. At that hearing, petitioner was not represented by counsel and did not have prepared evidence for bond, having been provided only one day's notice. ECF No. 20 ¶ 24.

On April 8, 2026, petitioner filed a renewed motion for TRO, alleging that the bond hearing violated his due process rights. ECF No. 10. In its opposition, respondent filed records relating to the bond hearing and argued that petitioner was required to exhaust administrative remedies by appealing the bond order. ECF Nos. 12 & 13. The court denied petitioner's motion and referred the matter to me. ECF No. 15.

I appointed counsel for petitioner and permitted counsel to file an amended petition. ECF No. 18. Through counsel, petitioner filed a first amended petition for writ of habeas corpus on June 11, 2026.[1] ECF No. 20. Respondent filed an answer on June 21, 2026. ECF No. 22. Petitioner has filed a traverse. ECF No. 23. The matter is now submitted.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his prolonged detention absent an adequate bond hearing violates his due process rights, and that the bond hearing that he received did not comply with constitutional requirements. ECF No. 20 ¶¶ 31-41. Respondent argues that petitioner has failed to exhaust administrative remedies, that 8 U.S.C. § 1225(b)(1) mandates his detention except for limited parole, and that an applicant for admission is only afforded the due process that Congress

[1] Still pending is respondent's motion to dismiss the initial petition. ECF No. 6. Because this motion has been rendered moot by the filing of the amended petition, I will deny it.

provides.[2] ECF No. 22 at 3-4.

As an initial matter, respondent's exhaustion argument is unavailing because an appeal to the BIA would be futile. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 895 (9th Cir. 2021) (quoting *Carr v. Saul*, 141 S. Ct. 1352, 1361 (2021) ("Futility is a traditional exception to judicially created exhaustion requirements because '[i]t makes little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested.'"). As both parties acknowledge, petitioner is detained under 8 U.S.C. § 1225(b), and there is no statutory process for a bond hearing under this provision. The government only provided petitioner a bond hearing pursuant to the court's order providing injunctive relief. Because the BIA does not have jurisdiction to address a constitutional challenge to the court-ordered bond hearing, petitioner is not required to administratively exhaust this claim.[3] *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994) ("An exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures.").

Moreover, while petitioner's detention may be mandated by statute, that does not resolve his claim that his detention violates the Fifth Amendment.[4] At present, there is no binding authority that squarely addresses petitioner's due process claim. In *Zadvydas*, the Supreme Court addressed a challenge to prolonged detention in a different context—under 8 U.S.C.

---

[2] Respondent previously argued that that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 6 at 1-2.

[3] Respondent's reliance on *Matter of A-M-Z-F-,* 29 I. & N. Dec. 551 (BIA 2026) and *Matter of H-A-A-V-,* 29 I. & N. Dec. 233 (BIA 2025) are inapplicable as neither case involves a BIA decision reviewing whether an IJ violated due process in a court-ordered bond hearing. Additionally, respondent does not address petitioner's substantive due process challenge based on prolonged detention.

[4] As respondent notes, the Supreme Court has held that a noncitizen detained shortly after unlawful entry "has only those rights regarding admission that Congress has provided by statute" and "the Due Process Clause provides nothing more." *See* ECF No. 7 at 5 (quoting *Thuraissigiam*, 591 U.S. at 140). However, "*Thuraissigiam*'s discussion of due process is necessarily constrained to challenges to admissibility to the United States." *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1171 (W.D. Wash. 2023). Accordingly, "[w]hile *Thuraissigiam* limits an arriving noncitizen's due process rights in regard to admission, a petitioner may still assert a due process claim against prolonged mandatory detention without a bond hearing." *Singh v. Noem*, No. 26-cv-0265-GPC-BLM, 2026 WL 206716, at *5 (S.D. Cal. Jan. 27, 2026).

§ 1231(a)(6)—and held:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence.

533 U.S. at 701 (internal quotation marks and citation omitted).

However, in *Demore v. Kim*, the Supreme Court rejected a due process challenge to section 1226(c)—which, like section 1225(b), mandates detention—and distinguished *Zadvydas* because, unlike indefinite detention pending removal under section 1231(a)(6), mandatory detention under section 1226(c) has a "definite termination point," i.e., the conclusion of removal proceedings. 538 U.S. 510, 529 (2003). The Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id*. at 531.

After *Demore*, the Court of Appeals held that detention under sections 1225(b), 1226(a), and 1226(c) has an implicit six-month limit, at which time the government must justify continued detention by clear and convincing evidence at a bond hearing. *Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). But the Supreme Court reversed, finding that none of the statutory provisions can reasonably be read to limit detention to six months. *Jennings*, 583 U.S. at 297-306. As the Court of Appeals noted on remand, however, the Supreme Court "declined to reach the constitutional question" and "instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings." *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018).

"In the wake of *Jennings*, district courts have grappled with how to address due process challenges to prolonged mandatory detention under § 1225(b)." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019). Nonetheless, "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Id*. (collecting cases) (internal quotation marks omitted).

Of course, this begs the question of whether petitioner has already received a constitutionally adequate bond hearing pursuant to the court's preliminary injunction. The constitutionality of an IJ's detention determination presents mixed questions of fact and law, and the appropriate standard of review is "abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 783-84 (9th Cir. 2024). Under an abuse of discretion standard, the court does not reweigh evidence but instead considers whether the IJ "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020)). When an IJ's decision is "arbitrary, irrational, or contrary to law," it is an abuse of discretion. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)).

As an initial matter, the evidence here demonstrates that petitioner did not have adequate notice of the bond hearing. Petitioner asserts that he did not receive the court's service of the order for a bond hearing until April 2, 2026, thirteen days after the order issued and only one day before the hearing. ECF No. 20 at 5-6. While this notified petitioner that he would get a bond hearing, it did not tell him when that hearing would occur. ECF No. 8. Petitioner also asserts that he never received notice of the date of the bond hearing from the immigration court. *Id*. at 6. The bond hearing was held on April 3, 2026, the day after petitioner received the court's order. ECF No. 13.

Petitioner is detained in the respondent's custody and is dependent on respondent for receipt of any documents. The notice for the April 3, 2026 bond hearing that respondent submitted is not dated. ECF No. 13 at 48. The certificate of service indicates that it was electronically served "c/o Custodial Officer" with a date of March 24, 2026. *Id*. This facially confirms that the notice of hearing was not provided directly to petitioner; instead, it was provided to a custodial officer. Respondent has not provided any declaration or other evidence to

support that the custodial officer actually served petitioner with the notice of hearing or this court's order requiring a bond hearing. *See* ECF Nos. 12 & 22. Thus, the record does not support that petitioner had sufficient notice of the bond hearing, which impeded his rights to be represented by counsel and provide evidence. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Lack of notice of the immigration hearing violates due process and relevant regulations. *See Khan v. Ashcroft*, 374 F.3d 825, 829 (9th Cir. 2004); 8 C.F.R. § 1001.1(ee)[5]; *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard.").

There is also no indication that petitioner's attorney or representative was served. *See* ECF No. 13 at 48. Respondent's evidence reflects that petitioner had an attorney representing him before the immigration court. *Id*. at 15. Respondent offers no explanation as to why petitioner's attorney was not given notice of the bond hearing. *See* ECF Nos. 12 & 22. When petitioner raised these concerns at his bond hearing, the IJ nonetheless proceeded with the hearing. *See* ECF No. 10 at 2; ECF No. 16 at 1. Individuals in removal proceedings have a right to counsel. *See* 8 U.S.C. § 1632; *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). The IJ's decision makes no mention of petitioner's asserted lack of notice about the bond hearing or that he had an attorney, both of which reinforce that petitioner's due process rights were violated. ECF No. 13 at 3-4; *see also Tawadrus*, 364 F.3d at 1103 (holding that for a noncitizen to appear pro se in immigration court, "there must be a knowing and voluntary waiver of the right to counsel").

Despite the lack of sufficient notice and representation, the IJ held the hearing and determined that petitioner was an extreme flight risk.[6] However, the IJ's decision also reflects

[5] "The term *service* means physically presenting, mailing, or electronically providing a document to the appropriate party or parties; except that an Order to Show Cause or Notice of Deportation Hearing shall be served in person to the alien, or by certified mail to the alien or the alien's attorney, and a Notice to Appear shall be served to the alien in person, or if personal service is not practicable, shall be served by regular mail to the alien or the alien's attorney of record."

[6] "To determine whether [a noncitizen] is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." *Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The non-exhaustive factors include: fixed address in the United

that petitioner was inappropriately required to bear the burden of proof despite the inclusion of boilerplate language that DHS "met its burden by 'clear and convincing evidence'. . . ." ECF No. 13 at 1. This is contrary to the court's order requiring the government to bear the burden of proof. ECF No. 8. For example, the decision states that petitioner "failed to establish sufficient positive, countervailing equities to offset the negative factors in his case." ECF No. 13 at 4. On another point, the IJ also specifically faulted petitioner for his failure to "provide any credible evidence of a fixed address" for his friend in the U.S. as part of the IJ's family ties analysis, and that he was "unable to present any evidence of employment." *Id*.

The IJ's reasoning reflects that the burden of proof was actually applied to petitioner rather than respondent, which constitutes an abuse of discretion. *See Muzahir v. Chestnut*, 1:26-cv-2246-DJC-CSK, 2026 WL 1949010, at *4 (E.D. Cal. July 6, 2026) (quoting *Nat. Res. Def. Council, Inc. v. Pritzker*, 828 F.3d 1125, 1135 (9th Cir. 2016) (citation omitted) ("An agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision.").

The IJ decision also relied on an assessment that petitioner "appears ineligible for asylum pursuant to the Continuing Lawful Pathways regulation given his unlawful entry to the United States," citing 8 C.F.R. § 1208.33. *Id*. This assessment was erroneous in three ways. First, relying on speculation that petitioner would be unlikely to succeed in obtaining immigration relief is not "evidence of flight that remotely approaches the clear and convincing standard." *See Muzahir*, 2026 WL 1949010, at *3 (quoting *Kumar v. Noem*, No. 1:26-cv-1148-DJC-AC, 2026 WL 983129, at *3 (E.D. Cal. Apr. 13, 2026)). Second, this reasoning also disregarded the factual record before the IJ: immigration authorities found petitioner's testimony credible and determined that he established a reasonable possibility of torture by Russian government officials. ECF No. 13 at 76-77. The IJ failed to consider this evidence. *Id*. at 3-4. Third, the record shows that petitioner applied for admission rather than entering unlawfully. ECF No. 13 at 49, 52, 78; ECF

---

States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. *Id*

No. 20 at 2. Importantly, respondent does not argue that petitioner entered unlawfully. *See* ECF No. 22.

Lastly, the IJ decision also faults petitioner for his lack of employment history in the U.S., but does so based on circular reasoning, given that respondent has detained petitioner since he presented himself at a port of entry. Such reasoning shows that the IJ's bond denial was an abuse of discretion. *See KC v. Chestnut, et al.*, 1:26-cv-3159-TLN-SCR, 2026 WL 2099279, at *3 (E.D. Cal. July 21, 2026) (rejecting the argument that the petitioner's lack of employment and residential history supports detention because the respondents "cannot satisfy their burden before the immigration court by pointing to circumstances of their own making").

For the above reasons, the IJ's decision to deny bond was arbitrary, irrational, and contrary to law. *See Bonilla*, 840 F.3d at 581. Given this finding, I must determine the appropriate remedy. Petitioner requests release or, alternatively, a new bond hearing. ECF No. 20 at 11. Respondent does not address this issue and only argues that the amended petition should be dismissed or denied. ECF No. 22 at 2. Respondent has also provided no additional argument to support any risk of flight or danger if petitioner is released.[7]

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Thuraissigiam* at 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Habeas is an equitable remedy and "[f]ederal courts have a fair amount of flexibility" to tailor the remedy to the constitutional violation. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *see also Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) ("Once a constitutional right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.").

In *KC*, the court found that the IJ's order was an abuse of discretion. *KC*, 2026 WL 2099279, at *3. The court held that "the appropriate remedy for this violation of [the petitioner's]

---

[7] Respondent has not argued that petitioner presents a danger to the community. *See* ECF Nos. 6, 12, & 22.

constitutional rights is not a further bond hearing, but release."). *Id*. Similarly, in *Tiboko-Tifuh*, the court found that the petitioner's bond hearing was constitutionally inadequate and held that "the appropriate remedy based on both habeas principles and the [c]ourt's prior order is [the petitioner's] immediate release." *Tiboko-Tifuh v. Noem*, No. 26-cv-1215-JO-DEB, 2026 WL 1603795, at *4 (S.D. Cal. June 4, 2026) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.")). Moreover, in *Muzahir*, the court held that because the respondents "repeatedly failed" to provide an adequate bond hearing, the "appropriate remedy" was immediate release. *Muzahir*, 2026 WL 1949010, at *4.

I agree with this reasoning and find that the appropriate remedy for petitioner's constitutionally inadequate bond hearing is immediate release. This finding is underscored by the facts of petitioner's prolonged detention. As noted, petitioner arrived at a port of entry on December 2, 2024. ECF No. 20 ¶ 17. He has been detained for over twenty months without a constitutionally adequate bond hearing, despite the court ordering that one be provided five months ago. *See* ECF No. 8. Ordering another bond hearing would be an insufficient remedy given these circumstances. Because respondent has failed to provide petitioner with a constitutionally adequate bond hearing, I find that the appropriate remedy is petitioner's immediate release.

**Conclusion**

Accordingly, it is hereby ORDERED that respondent's motion to dismiss the original petition, ECF No. 6, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. The amended petition for writ of habeas corpus, ECF No. 20, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 221-346-862) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence. This order does not address the circumstances in

which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE