UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN DUBROVSKII (A-221-346-862),

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

Case No. 1:26-cv-02022-DC-JDP (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 26, 28)

Petitioner, an immigration detainee, has filed this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 20.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 24, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 26.) On August 29, 2026, Respondents filed objections to the findings and recommendations. (Doc. No. 27.) Respondents object on the grounds that: (1) Petitioner failed to exhaust his administrative remedies; (2) the magistrate judge applied the wrong review standard and impermissibly re-weighed the record; (3) if there were errors in the bond hearing process, they did not impact the outcome; and (4) the remedy, if any, should be a bond hearing. (*Id.*) However, Respondents' arguments were already addressed and rejected by the magistrate judge in this case and the

undersigned in other cases. Specifically, this court has found that due process requires that noncitizens apprehended upon their entry to the United States and detained under 8 U.S.C. § 1225(b) for a prolonged period of time without an adequate bond hearing are entitled to a bond hearing at which their release from custody subject to reasonable monitoring must be considered. *See M.M. v. Bondi,* No. 1:26-cv-00813-DC-AC, 2026 WL 604200 (E.D. Cal. Mar. 4, 2026) (finding that the noncitizen apprehended upon his entry to the United States and detained under 8 U.S.C. § 1225(b) for a prolonged period of time was constitutionally entitled to a bond hearing); *Nasar v. Warden*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160 (E.D. Cal. Mar. 16, 2026) (same where a prolonged period of time had elapsed since the noncitizen had received a bond hearing during his detention pursuant to 8 U.S.C. § 1225(b)). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the recommendations that Petitioner be granted relief on due process grounds to be supported by the record and by proper analysis. However, the undersigned finds that the proper remedy here is a bond hearing rather than immediate release. For the reasons set forth in *M.M.* and *Nasar*, the court will grant the petition for a writ of habeas corpus on procedural due process grounds and order that Respondents provide Petitioner with an adequate bond hearing for which Petitioner receives sufficient prior notice.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 24, 2026 (Doc. No. 26), are ADOPTED IN PART;

---

[1] Because the court is granting the petition on procedural due process grounds, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

2. The amended petition for a writ of habeas corpus (Doc. No. 20) is GRANTED as follows:

   a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Ivan Dubrovskii (A-221-346-862) a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified;

   b. Respondents are ORDERED to provide Petitioner and his counsel with seven (7) days' advance notice of the date, place, and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;

   c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and

   d. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

3. Petitioner's pending motion (Doc. No. 28) is DENIED as having been rendered moot by this order;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

/////

/////

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Dena Coggins
United States District Judge